IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Paul Dick,                                 :
                    Petitioner             :
                                           :
        v.                                 :  No. 1408 C.D. 2021
                                           :
Royal Flush Inc. (Workers'                 :
Compensation Appeal Board),                :
                    Respondent             :  Submitted:  August 26, 2022

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER                              FILED:  November 18, 2022

        Paul Dick (Claimant) petitions this Court for review of the November 19,
2021 order of the Workers' Compensation Appeal Board (Board), which affirmed
the decision of a workers' compensation judge (WCJ) granting Royal Flush, Inc.'s
(Employer) petition to modify Claimant's temporary total disability (TTD) benefits
based on the results of an impairment rating evaluation (IRE) conducted pursuant to
Section 306(a.3) of the Workers' Compensation Act (Act).[1]  Claimant argues that
the newly enacted IRE provisions in Section 306(a.3) of the Act do not apply to

_____

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by Act of October 24, 2018, P.L. 714,
No. 111 (Act 111), 77 P.S. § 511.3.  Section 306(a.3)(1) of the Act requires that an employee who
has received total disability compensation for 104 weeks submit to an IRE pursuant to the
American Medical Association's "Guides to the Evaluation of Permanent Impairment," Sixth
Edition (second printing April 2009) (AMA Guides), for the purpose of determining his degree of
whole body impairment (WBI) due to the compensable injury.  77 P.S. § 511.3(1).  If the IRE
results in a WBI that is less than 35%, the employee shall receive partial disability benefits under
Section 306(b) of the Act.  77 P.S. § 511.3(2).  Section 306(b)(1) of the Act limits a claimant's
receipt of partial disability benefits to 500 weeks.  77 P.S. § 512(1).

injuries sustained prior to its effective date, and that the IRE itself was invalid because he had not yet received 104 weeks of TTD benefits following Act 111's passage. After review, we affirm.

## I. Background

The factual and procedural history of this matter is not in dispute. Claimant sustained injuries to his left femur, tibia, fibula, and kneecap as a result of a June 4, 2015 motor vehicle collision that occurred in the course of his employment. Certified Record (C.R.), Item No. 6, WCJ Decision, Finding of Fact No. 2. Employer recognized the injuries via a Notice of Temporary Compensation Payable (NTCP), which it issued on June 24, 2015. *Id.*

On November 26, 2019, Employer submitted a modification petition based on the results of a September 30, 2019 IRE. C.R., Item No. 2. The examination, which was performed in accordance with the Sixth Edition of the AMA Guides, assigned Claimant a WBI rating of 26%. C.R., Item No. 15, Deposition of Thomas Freenock, M.D., Notes of Testimony at 11. In a May 19, 2021 decision, a WCJ granted the modification petition and changed Claimant's benefit status from total to partial, effective September 30, 2019. C.R., Item No. 6, Order. The WCJ declined to address the issue of Act 111's constitutionality, but noted that it was preserved for appeal. *Id.*

Claimant appealed. C.R., Item No. 7. The Board amended the decision to address a small error in its text, but otherwise affirmed the WCJ.[2] C.R., Item No. 9,

---

[2] The WCJ's decision noted that Employer had "met its burden of proof to establish entitlement to a modification of benefits from total to partial disability as of January 23, 2020 based on the IRE performed by Dr. Thomas Freenock." C.R., Item No. 6, Conclusion of Law No. 2. The Board deemed the reference to that date a "typographical error," and clarified that September 30, 2019, was the correct effective date for the modification of benefits. C.R., Item No. 9, Board Opinion at 5.

2

Board Opinion at 5-6. Regarding Claimant's constitutional arguments, the Board noted that Act 111's constitutionality has been upheld by this Court in *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Company LLC)*, 252 A.3d 1169 (Pa. Cmwlth. 2021), *Rose Corporation v. Workers' Compensation Appeal Board (Espada)*, 238 A.3d 551 (Pa. Cmwlth. 2020), and *Pennsylvania AFL-CIO v. Commonwealth*, 219 A.3d 306 (Pa. Cmwlth. 2019), *aff'd*, (Pa., No. 88 MAP 2019, filed August 18, 2020). *Id.* at 3-4. This appeal followed.[3]

## II. Issues

Claimant argues that the decision granting Employer's modification petition was in error because Act 111 is unconstitutional on its face and cannot be applied retroactively. Claimant further argues that the IRE itself was invalid, because he had not yet received 104 weeks of TTD benefits following the passage of Act 111.

## III. Discussion

In *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827, 830 (Pa. 2017), our Supreme Court struck down former Section 306(a.2)[4] of the Act as an unconstitutional delegation of legislative authority, as it simply provided that an IRE would be conducted pursuant to "the most recent edition" of the AMA Guides. The General Assembly subsequently enacted Act 111, which, in relevant part, repealed the unconstitutional provision and replaced it with Section 306(a.3), 77 P.S. § 511.3. Rather than referring vaguely to a "most recent

---

[3] Our standard of review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Lehigh Specialty Melting, Inc. v. Workers' Comp. Appeal Bd. (Bosco)*, 260 A.3d 1053, 1058 n.3 (Pa. Cmwlth. 2021).

[4] Added by the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, repealed by Act 111.

edition," Section 306(a.3) specifies that an IRE shall be conducted in accordance with the Sixth Edition (second printing) of the AMA Guides. 77 P.S. §511.3(2).

Claimant argues that Section 306(a.3) is unconstitutional on its face because Act 111 contains no retroactivity provision. In his view, it is therefore only applicable to claims originating on or after Act 111's effective date of October 24, 2018. Since Claimant was injured more than three years before Act 111's passage, he maintains that his IRE is invalid.

As the Board noted, this Court has already considered and rejected Claimant's argument in *Pierson*, 252 A.3d at 1180. In *Pierson*, the claimant sustained a workplace injury on August 13, 2014. *Id.* at 1171. On December 21, 2018, his employer filed a petition to modify the claimant's TTD benefits based on an IRE that had been performed two days prior. *Id.* at 1172. The claimant argued that Act 111 could not "be constitutionally applied in a retroactive manner," but only to "claims that . . . originated on or after the date of the passage of the present IRE mechanism, October 24, 2018." *Id*. at 1174. We disagreed, explaining that "the 104-week and credit provisions of Act 111 were explicitly given retroactive effect by the clear language used by the General Assembly."[5] *Id*. at 1180.

Claimant fails to distinguish the facts in this case from those in *Pierson*. Instead, he merely repeats almost verbatim the assertions made by the claimant in that case. In the absence of any basis for distinguishing the instant matter from *Pierson*, we reject Claimant's argument as lacking in merit.

---

[5] Section 3(2) of Act 111 states that, for the purposes of determining the total number of weeks of partial disability compensation payable under Section 306(a.3)(7) of the Act, an insurer shall be given credit for weeks of partial disability compensation paid prior to the Act's effective date. *Pierson*, 252 A.3d at 1174 (citing 77 P.S. § 511.3, Historical and Statutory Notes).

4

We turn now to Claimant's argument that the September 30, 2019 IRE was invalid because it was performed prior to his receipt of 104 weeks of TTD benefits following Act 111's effective date of October 24, 2018. This argument, too, has already been considered and rejected by this Court. In *Rose Corporation*, 238 A.3d at 561, we explained that Act 111 clearly permits employers to seek credit for weeks of TTD or partial compensation benefits received prior to Act 111's enactment. Because the claimant in that case had already received 104 weeks of TTD benefits, the employer could seek a new IRE without waiting until 104 weeks of post-Act 111 benefits had been paid. *Id.* at 563. Claimant, once again, has failed to distinguish his case from our holding in *Rose Corporation*.

For the foregoing reasons, we affirm the Board.

_____
ELLEN CEISLER, Judge

5

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Paul Dick,                          :
                    Petitioner      :
                                    :
        v.                          :    No. 1408 C.D. 2021
                                    :
Royal Flush Inc. (Workers'          :
Compensation Appeal Board),         :
                    Respondent      :

**O R D E R**

AND NOW, this 18th day of November, 2022, the order of the Workers' Compensation Appeal Board in the above matter, dated November 19, 2021, is hereby AFFIRMED.

_____
ELLEN CEISLER, Judge